## VARDEN v. CITY OF CORBIN, KY., et al.

District Court, E. D. Kentucky.

Feb. 14, 1933.

Cleon K. Calvert, of Pineville, Ky., for receiver.

F. D. Sampson, of Frankfort, Ky., and J. M. Robsion, of Louisville, Ky., for defendants.

ANDREW M. J. COCHRAN, District Judge.

This suit is before me for final decree. The Whitley National Bank of Corbin, Ky., closed its doors July 13, 1932, at half past 11 in the morning. The plaintiff was duly appointed its receiver July 29, 1932. The defendants had been depositors of the bank, whilst it was a going concern, and had been paid the amounts of their deposits by the transfer to them by the bank of certain of its negotiable notes. These transfers were made June 28, 1932, July 11, 1932, July 12, 1932, and the morning of July 13, 1932, before it closed. The amount of deposits so paid was approximately $65,000, and the notes so transferred were nominally of equal amount. The number of depositors to whom the bank was indebted at the time it closed exceeded 1,400, and the total amount due them was $137,718.02. Its assets, consisting of a small amount of cash, negotiable notes, banking

house and fixtures, real estate, and excess of collateral pledged to secure certain loans over and above the loans, were nominally more than sufficient to pay this indebtedness, but their real value was greatly less than sufficient so to do. Indeed there can be no question that, at the time the bank began to make these transfers in payment of its deposits, it was hopelessly insolvent; i. e., its assets according to their real value were greatly less than its liabilities. This was so patent that it could not but have been known and understood by the officers of the bank. They were made in the vain hope that by this feeding out its assets to its depositors it would not have to close its doors.

■ This suit is brought by the plaintiff to recover the notes so transferred. It is based on title 12, USCA, § 91, which provides for the recovery of the assets of a national bank "made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another." It is claimed by plaintiff that previous to the beginning of these transfers the bank had committed an act of insolvency which is disputed. However this may be, there can be no question that they were made in contemplation of insolvency. In the case of Roberts, Receiver v. Hill, Adm'r (C. C.) 24 F. 571, 573, it was said: "A bank is [said to be] in contemplation of insolvency when the fact becomes reasonably apparent to its officers that the concern will presently be unable to meet its obligations, and will be obliged to suspend its ordinary operations."

Whether the officers of the bank realized to the full extent that such was its condition at this time, it was "reasonably apparent" that such was the case. They should have realized it and closed its doors. Nor can there be any question but that the transfers were made with a view to prefer these creditors to others. In the same case it was said: "An intent to give a preference is presumed when a payment is made to a creditor by a debtor who knows his own insolvency, and therefore knows that he cannot pay all his creditors in full. * * * The intent to prefer is essential, but every person is to be presumed to intend the natural and probable consequences of his own acts."

■ Here the natural and probable consequences of these transfers was to prefer, and the officers cannot be heard to say that they did not intend to prefer. See the case of

Browne v. Stronach (D. C.) 7 F.(2d) 685. This case does not come within McDonald, Receiver, v. Chemical Nat. Bank, 174 U. S. 610, 19 S. Ct. 787, 43 L. Ed. 1106.

■ These transfers were not made in the usual course of business. What was done was a most unusual performance. It is claimed that the bank examiner approved this course of action. It is hard to conceive that he did. But it makes no difference. Nor is it material that the officers of the bank or the defendants acted in good faith. It is urged that it was beneficial to the bank to pay its debts in this way as it got more for its notes than they were worth. But it was not beneficial to the depositors, who were not thus paid, in that, by reason thereof, if allowed to stand, they will fail to get their fair share of the assets of the bank.

■ Question is made as to the jurisdiction of defendants where the amount in controversy does not exceed $3,000. But jurisdiction exists, as it is a suit to wind up the affairs of a national bank under title 28, USCA § 41 (16).

I am constrained to hold that the plaintiff is entitled to a decree.